JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*JOrr@GGTriallaw.com*

Attorneys for Plaintiff
Sean Rodriguez

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEAN RODRIGUEZ, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1) DISCRIMINATION (N.R.S. § 613.330);** |
| HILTI, INC., an Oklahoma corporation, | **(2) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| Defendant. | **(3) RETALIATION (N.R.S. § 613.340);** |
| | **(4) RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(5) FMLA INTERFERENCE.** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Sean Rodriguez ("Plaintiff" or "Mr. Rodriguez") alleges as follows:

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 CFR § 825.220, 42 U.S.C. § 12112 *et seq.*, and 42 U.S.C. § 12203 *et seq.*

3. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

**NATURE OF THE ACTION**

5. Mr. Rodriguez began working for Hilti, Inc. as an Account Manager in September 2022. During his employment, Mr. Rodriguez developed severe coronary artery disease. In 2025, Mr. Rodriguez took two approved FMLA leaves for his cardiac disabilities and serious health conditions. On or about October 8, 2025, Hilti terminated his employment on a false and pretextual basis. In reality, Hilti wrongfully terminated Mr. Rodriguez in discrimination based on his disabilities and in retaliation for his protected activity.

**PARTIES**

6. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7. Defendant Hilti, Inc. is an Oklahoma corporation that conducts business in Clark County.

**FACTUAL ALLEGATIONS**

8. On or about September 19, 2022, Mr. Rodriguez began working for Hilti, Inc.

9. During his employment, Mr. Rodriguez was diagnosed with and suffered from severe coronary artery disease.

10. In recognition of his contributions, Hilti promoted Mr. Rodriguez to a senior role in its Las Vegas, Nevada division in or about May 2025, requiring him to relocate his life from Boston,

-2-

Massachusetts.

11.     Beginning on or about June 6, 2025, Mr. Rodriguez took approved leave pursuant to the Family and Medical Leave Act ("FMLA") due to his serious cardiac disabilities and serious health conditions, returning to work on or about July 7, 2025.

12.     On or about August 6, 2025, Mr. Rodriguez commenced a second period of approved FMLA leave related to his cardiac disabilities and serious health conditions, returning to work on or about September 19, 2025.

13.     Mr. Rodriguez returned to work in good standing, without any warnings, discipline, or performance concerns of any kind during his employment in Las Vegas.

14.     On or about October 8, 2025, Hilti terminated Mr. Rodriguez's employment on a false and pretextual basis.

15.     When Mr. Rodriguez challenged his termination in writing, Hilti fabricated additional false justifications in direct response to his complaint — justifications that had never been raised during or before the termination itself.

16.     In reality, Hilti wrongfully terminated Mr. Rodriguez in discrimination based on his disabilities and in retaliation for his protected activity.

17.     *Summary of Plaintiff's Protected Statuses and Activity*: Mr. Rodriguez is a qualified individual with a disability, namely severe coronary artery disease. Mr. Rodriguez's protected activities include taking approved medical leave as an accommodation for his disability.

18.     On March 18, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 19, 2026, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

19.     *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

20.     *Reckless Indifference and Conscious Disregard*: Defendant Hilti, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

perpetrated. Yet Defendant Hilti, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21. *Malice*: The conduct of Defendant Hilti, Inc. was committed with malice, including that (a) Defendant Hilti, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Hilti, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Hilti, Inc. against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Hilti, Inc., as alleged, was fraudulent, including that Defendant Hilti, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

24. Further, Defendant Hilti, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Hilti, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

**FIRST CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Sean Rodriguez against Defendant Hilti, Inc.)**

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Defendant Hilti, Inc., as defined by N.R.S. § 613.310, and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

27.     The acts and omissions of Defendant Hilti, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

28.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

29.     Plaintiff charges that Defendant Hilti, Inc. discriminated against the Plaintiff based on his protected status or statuses.

30.     As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

31.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

32.     The acts of Defendant Hilti, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Hilti, Inc., and to make an example of and deter Defendant Hilti, Inc. from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Sean Rodriguez against Defendant Hilti, Inc.)**

33.     The allegations set forth in preceding paragraphs are re-alleged and incorporated

-5-

herein by reference.

34.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

35.    Defendant Hilti, Inc., employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

36.    Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

37.    Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

38.    Defendant Hilti, Inc. took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

39.    The discriminatory acts of Defendant Hilti, Inc. constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

40.    The discriminatory acts of Defendant Hilti, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

41.    The acts of Defendant Hilti, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Hilti, Inc., and to make an example of and deter Defendant Hilti, Inc. from engaging in such conduct in the future.

42.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs

-6-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

in an amount according to proof.

**THIRD CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Sean Rodriguez against Defendant Hilti, Inc.)**

43.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44.    Plaintiff was employed by Defendant Hilti, Inc..

45.    Plaintiff engaged in protected activity.

46.    Defendant Hilti, Inc. was aware of Plaintiff's protected activity.

47.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

48.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

49.    The conduct of Defendant Hilti, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

50.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Hilti, Inc., and to make an example of and deter Defendant Hilti, Inc. from engaging in such conduct in the future.

51.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FOURTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Sean Rodriguez against Defendant Hilti, Inc.)**

52.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

53.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

54.    Plaintiff was an "employee" of Defendant Hilti, Inc., as defined by 42 U.S.C. § 12111(4).

55.    Employers, such as Defendant Hilti, Inc., are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

56.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

57.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Hilti, Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

58.    The conduct of Defendant Hilti, Inc. constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

59.    The conduct of Defendant Hilti, Inc. alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

60.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## **FIFTH CLAIM FOR RELIEF**

**Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)**

**(Plaintiff Sean Rodriguez against Defendant Hilti, Inc.)**

61.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

62.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

63.    Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

64.    Under the FMLA, employers, such as Defendant Hilti, Inc., are barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

65.    Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

66.    As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendant Hilti, Inc. engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

67.    The conduct of Defendant Hilti, Inc. constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

68.    The acts of Defendant Hilti, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

69.    The acts of Defendant Hilti, Inc. alleged herein were undertaken with malice, with

-9-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Hilti, Inc., and to make an example of and deter Defendant Hilti, Inc. from engaging in such conduct in the future.

70.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

71.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-10-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Liquidated damages;

3.    Emotional distress damages;

4.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5.    For an award of reasonable attorneys' fees and costs incurred in this action;

6.    For pre-judgment and post-judgment interest, as provided by law; and

7.    For other and further relief as the Court may deem just and proper.

DATED: March 19, 2026                    GREENBERG GROSS LLP


                                         By:   */s/ Jemma E. Dunn*
                                               Jemma E. Dunn
                                               Matthew T. Hale
                                               John M. Orr

                                               Attorneys for Plaintiff
                                               Sean Rodriguez

-11-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Sean Rodriguez hereby demands a jury trial.

DATED: March 19, 2026   GREENBERG GROSS LLP


By: */s/ Jemma E. Dunn*
   Jemma E. Dunn
   Matthew T. Hale
   John M. Orr

   Attorneys for Plaintiff
   Sean Rodriguez

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL